I believe plaintiff has met his burden of proof before the Commission of showing that (a) plaintiff suffered a workplace accident (b) which caused a compensable injury (c) resulting in plaintiff's disability. Accordingly, I respectfully dissent.
In order to be compensable under the Workers' Compensation Act, an injury (other than a back injury or a hernia) must arise out of a work-related "accident."
 "An `accident' is an unlooked for and untoward event not expected or designed by the employee. . . . No matter how great the injury, if it is caused by an event that involves both an employee's normal work routine and normal working conditions it will not be considered to have been caused by accident." "[U]nusualness and unexpectedness are its essence." "To justify an award of compensation, the injury must involve more than the carrying on of usual and customary duties in the usual way."
Renfro v. Richardson Sports Ltd., 172 N.C. App. 176, 180,616 S.E.2d 317, 322 (2005) (citations omitted). At issue in the present case is whether the removal of a 250-pound cylinder head by hand, instead of by hydraulic lift, constituted an "accident" under the Act. Plaintiff's testimony is uncontradicted that, since defendant-employer's acquisition of the hydraulic lift some two to three years previously, plaintiff's usual and preferred method of removing cylinder heads was by hydraulic lift. Plaintiff further testified that he removed cylinder heads manually only when the hydraulic lift or some other lifting device was unavailable and plaintiff was ordered by the shop foreman to remove the cylinder head manually. Plaintiff testified that he removed cylinder heads by hydraulic lift approximately 80% of the time.
It follows that plaintiff's manual removal of the cylinder head in the present case was an "accident" under the Act. Plaintiff neither expected nor designed to remove the cylinder head manually on the day of his injury, but was ordered to do so by the shop foreman. Because, as of the time of plaintiff's injury, plaintiff's usual and customary method of removing cylinder heads was by hydraulic lift, plaintiff's manual lifting of the cylinder head without the assistance of a lifting device constituted an accident.
Furthermore, plaintiff has presented sufficient evidence to demonstrate a causal relationship between his workplace injury and the onset or aggravation of his avascular necrosis. Dr. Rizzo, the chief surgeon for plaintiff's hip replacement, testified that plaintiff's injury, more likely than not, either caused plaintiff's avascular necrosis or exacerbated a subacute chronic condition. To the extent that Dr. Szura testified to the contrary, Dr. Szura's opinion was apparently based on a lack of "conclusive evidence" of a relation between plaintiff's injury and his avascular necrosis, a far higher standard of causation than is required under the Act.
Finally, plaintiff has demonstrated that his injury has rendered him disabled. A plaintiff may meet his burden of showing that he is disabled in at least four different ways:
 (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.
Russell v. Lowes Product Distribution, 108 N.C. App. 762, 765,425 S.E.2d 454, 457 (1993) (citations omitted). In the present case, while evidence was presented that plaintiff was capable of some work, plaintiff has presented substantial evidence of his reasonable (but unsuccessful) efforts to obtain employment, including twelve pages of job search records filed with the ESC. It follows that plaintiff has satisfied the second method for showing disability set forth under Russell.
For these reasons, I believe the majority has erred in failing to find that plaintiff is disabled as a result of a compensable workplace injury by accident. Accordingly, I respectfully dissent.
This 17th day of August, 2006.
 S/__________________ THOMAS J. BOLCH COMMISSIONER